Dear Ms. Richard:
You advise this office that you currently hold full-time employment with the Acadia Parish Communications District as Secretary-Treasurer. You ask if you may also work on a part-time basis as a dispatcher for the Acadia Parish Sheriff's Office.
The provisions of the Louisiana Dual Officeholding and Dual Employment Law, R.S. 42:61, et. seq., govern our response to your inquiry. Of potential concern is the prohibition of R.S. 42:63, stating:
 E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
R.S. 42:63(E) prohibits the simultaneous holding of two or more full-time positions of public office and/or employment, but does not prohibit this holding where one position is held on a part-time basis. R.S. 42:62(4) and (5) provide:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment *Page 2 
which is less than the number of hours of work defined in this Section as full-time.
Because you will work for the Sheriff's office on a part-time basis, the prohibition of R.S. 42:63(E) is inapplicable, and poses no legal impediment to your holding both positions.
While this office has observed that there is no violation of the dual officeholding law in the instant matter, note that a person's duties may not conflict. See Attorney General Opinion 01-0129, copy attached.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 By: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg *Page 1 
 ATTACHMENT MAY 09 2001 OPINION 01-129 107 Sheriffs 107-A Special District R.S. 33:9101 R.S. 45:791
A contract by a former sheriff to dispatch for the 911 emergency system would not be binding upon the newly elected sheriff.
 Ms. Tammy L. Gantt Assistant District Attorney Second Judicial District 100 Courthouse Dr., Room 103 Arcadia, LA 71001
Dear Ms. Gantt:
This office is in receipt of your request for an opinion of the Attorney General in regard to the operation of the 911 emergency system. You indicate under the previous law enforcement administration the sheriff made an oral agreement to handle dispatching under the emergency system. With the election of a new sheriff questions have arisen as to exactly what the sheriff's obligations are regarding the system. You present the following questions:
 1. Does the sheriff have a legal obligation to operate the 911 emergency system?
 2. If the former sheriff had orally agreed to handle the dispatching under the 911 emergency system, is the present sheriff and his administration under any obligation to maintain this service?
 3. Is there any bar to a dispatcher being paid by both the 911 emergency system and the Sheriffs Department for work done for both agencies during the same period of time?
In accordance with R.S. 33:9101 the governing authority of any parish may by ordinance create communications district which shall be a political and legal subdivision of the state. R.S. 33:9104 specifies that 911 shall be the primary emergency telephone number, and R.S.33:9105 sets forth the various methods of response to emergency calls, being "direct dispatch method", "relay method", "transfer method" or "referral method". That statute further provides that the governing authority of the district selects the method that it determines to be the most feasible for the district, and allows the district to contract "with *Page 2 
another communication district to perform all or part of its functions and duties."
Similarly, R.S. 45:791 establishes 911 as the primary emergency telephone number for use in the state, and R.S. 45:792 recognizes the various telephone services for providing dispatch to the appropriate public safety agency or provider of emergency services as set forth in R.S. 33:9105. However, as concluded in Atty. Gen. Op. 98-119, the Department of Public Safety does not have authority to establish statewide standards for emergency telephone systems inasmuch as the statutes have authorized any parish governing authority to create its communication district for a local emergency telephone system and selects the method it finds most feasible.
In Atty. Gen. Op. 92-529 this office was asked whether a sheriff could sign a contract whose terms extend past that of his term. This office set forth examples of such contracts as those including maintenance contracts, fiscal agent agreements, various suppliers of services and supllies to this office. . Restating the inquiry as to whether a successor sheriff is legally obligated to assume the indebtedness created by the incumbent sheriff, this office declared, "We respond in the negative." While a distinction was noted in regard to law enforcement districts who have the power to borrow for up to ten years, It was concluded:
 In summary, and in response to your inquiry, a successor sheriff is not obligated to pay the debts of his predecessor unless he receives funds due his predecessor or receives a balance in the Salary Fund from his predecessor.
In response to your first two questions, we find nothing that obligates the Sheriff's office be the dispatcher for the 911 emergency system. Art. 5, Sec 27, La.Const. specifies that the sheriff "shall be the chief law enforcement office in the parish", and under R.S. 15:704 he is designated as the keeper of the public jail and "shall by all lawful means preserve the peace and apprehend all disturbers". There being no duty under the law to be a dispatcher for emergency districts, we do not find a contract by the former sheriff would be binding upon the newly elected sheriff, and there is no obligation for the present sheriff to maintain the 911 emergency system without specific funding for the responsibility.
In regard to your question if there is any bar to a dispatcher being paid by both the 911 emergency system and the sheriff's department, we note in Atty. Gen. Op. 98-334 this office was asked whether a Reserve Deputy Sheriff who works without compensation as a dispatcher in the Communications Center where the Sheriff provides dispatchers for the communication center could become a paid part time employee for the Sheriff and continue to be a paid full time Parish 911 coordinator. With reliance upon R.S. 62:63(E), it was concluded there was no prohibition against holding part-time employment with the *Page 3 
sheriff in addition to the full time position as the 911 coordinator. However, this office did not answer whether that individual could be paid by both agencies if performing work for both agencies during the same time period.
This office has observed while there is no violation of the dual officeholding law by a person holding full-time employment from holding at the same time part-time employment, "his duties may not conflict". In Atty. Gen. op. 93-29 it was stated, "In other words, the police officer may not be paid as a fireman while he is serving and being paid as a police officer." However, in Atty. Gen. Ops. 00-417 and 98-226 it was stated this office could not resolve any ethical question in regard to performing both positions during the same work hours, but noted that such an issue may be resolved by the Commission on Ethics for Public Employees, 8401 United Plaza Blvd. Suite 200, Baton Rouge La 70809, 225-922-1400.
We hope this sufficiently answers your inquiry.
 Yours very truly,
 RICHARD P. IEYOUB
 Attorney General
 By: __________________________
 BARBARA B. RUTLEDGE
 Assistant Attorney General
 RPI/bbr